16 F.3d 1218
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Lawrence E. BOWLING, Plaintiff-Appellant, Cross-Appellee,
v.
OHIO CASUALTY GROUP OF INSURANCE COMPANIES; City of Berea,
Kentucky; William K. Clark; Bobby Lamb; Dennis
Saylor; Miles Pope, Defendants-Appellees,
State Farm Mutual Automobile Insurance Company; John H.
Whitmore; J.B. Pitman; Chet Copeland,
Defendants-Appellees, Cross-Appellants.
 Nos. 93-5437, 93-5438.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1993.
 
 1
 Before: BOGGS and SILER, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 Lawrence E. Bowling, a pro se Kentucky plaintiff, appeals from district court orders awarding summary judgment in favor of defendants. Seeking monetary damages, plaintiff alleged fraud, deprivation of civil rights and conspiracy on the part of ten named defendants (Case No. 93-5437). Four of the named defendants cross-appeal a district court order denying their motion for attorney's fees (Case No. 93-5438). The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff's complaint arises from a December 14, 1991, automobile accident. Plaintiff's car and the pick-up truck of another driver collided. The front bumper of plaintiff's car was damaged. The body of the pick-up truck was dented. No other injuries or damage resulted. The essence of plaintiff's complaint is that the defendants conspired to defraud him of the $1,218.50 in damages to his car.
 
 
 4
 The district court concluded that the defendants were not acting under color of state law. Upon de novo review, we find no error. Under 42 U.S.C. Sec. 1983, a plaintiff must allege: 1) that he was deprived of a right secured by the Federal Constitution or laws of the United States and 2) that the deprivation was caused by a person while acting under color of state law. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-57 (1978). Absent either element, a claim will not be stated. Plaintiff's argument is that the private parties named as defendants are liable under Sec. 1983 because they were involved in a conspiracy with a state official. In other words, he contends that the investigating police officer incorrectly relied on the statements of the driver and passenger of the pick-up truck in his accident report and that the insurance companies and their agents improperly relied on the erroneous report. Therefore, plaintiff asserts, he was denied due process of law.
 
 
 5
 In order to establish a civil conspiracy, plaintiff must show that there was a single plan, that the alleged coconspirators shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury. Hooks v. Hooks, 771 F.2d 935, 944 (6th Cir.1985). Applying these principles to the instant case, there are no facts or inferences which support a civil rights claim against defendants.
 
 
 6
 Plaintiff does not allege that the investigating police officer was in any way involved in the insurance settlement negotiations. In fact, a review of the record reveals that the officer's only contact with the insureds was during the accident investigation. Therefore, any allegation involving a conspiracy between the officer or the city he serves and the insurance companies, their agents or insureds, is completely without support.
 
 
 7
 Without a conspiracy between the police officer or the city he serves and the other defendants, there is no state action. In order to be subject to suit under Sec. 1983, the defendants' conduct must be fairly attributable to the state. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). Plaintiff's grievance is that Lamb's damage was compensated whereas his was not. An insurance company's decision whether or not to pay a claim is not conduct "fairly attributable" to the state.
 
 
 8
 Additionally, we conclude that the district court did not abuse its discretion by denying plaintiff's motion for sanctions under Fed.R.Civ.P. 11; nor are we firmly convinced that the district court clearly erred by denying cross-appellants' motion for attorney's fees under 42 U.S.C. Sec. 1988.
 
 
 9
 Accordingly, the judgment of the district court is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the court's order dated September 28, 1992, as adopted in its subsequent orders dated November 5, 1992, and December 16, 1992. Additionally, the court's order denying plaintiff's motion for sanctions is hereby affirmed, as is the court's order denying cross-appellant's motion for attorney's fees filed pursuant to 42 U.S.C. Sec. 1988.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation